Filed 11/18/15  P. v. Terry CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ORLANDO TERRY,<br><br>Defendant and Appellant. | F069829<br><br>(Fresno Super. Ct. No. F10903669)<br><br>**OPINION** |

-ooOoo-

## THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  W. Kent Hamlin, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant/defendant Orlando Terry pleaded no contest to count I, continuous sexual abuse of a child under the age of 14 years (Pen. Code, § 288.5, subd. (a));[1] and count II, unlawful sexual intercourse with a minor under the age of 16 years (§ 261.5, subd. (d)), with a great bodily injury enhancement (§ 12022.7, subd. (a)). He was sentenced to 16 years in prison.

On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

Defendant was the boyfriend of Jane Doe's mother. They lived together with Jane's grandmother. When Jane was 12 years old, defendant forced her to have sexual intercourse. Jane later reported that defendant raped her almost every weekend and sometimes on weekdays. Defendant also committed other sexual acts against her. He usually molested Jane when her mother disappeared to use methamphetamine. Sometimes defendant left money on her pillow. Jane tried to resist, but defendant physically forced her to have sex.

Defendant raped Jane for the last time when she was 14 years, in 2009. After that time, defendant and Jane's mother moved away, and Jane stayed with her grandmother.

In October 2009, shortly after defendant and her mother moved out, 14-year-old Jane went to the doctor and learned she was pregnant. Jane did not have sex with anyone except defendant. Jane told her grandmother, who encouraged her to call the police. Four days after learning she was pregnant, Jane contacted the police and reported defendant's acts.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

2.

In February 2010, Jane gave birth to a child. A DNA test provided "strong evidence" that defendant was the biological father.

**<u>Procedural History</u>**

On January 24, 2013, a first amended information was filed in the Superior Court of Fresno County which charged defendant with count I, continuous sexual abuse of a child under the age of 14 years, from December 6, 2006, through December 5, 2008; count II, unlawful sexual intercourse with a minor under the age of 16 years, from May 1 through July 1, 2009, with a great bodily injury enhancement; count III, commission a lewd act on a child who was 14 or 15 years old (§ 288, subd. (c)(1)), with a great bodily injury enhancement; and count IV, oral copulation on a person under the age of 14 years (§ 288a, subd. (c)(1)).

On June 13, 2014, the first day of trial, the court declared a doubt as to defendant's competency, suspended proceedings pursuant to section 1368, and appointed an expert to examine defendant. Dr. Howard Terrell reported defendant was malingering and feigning symptoms of mental illness and low intellect, there was no credible evidence he suffered from any medical or psychiatric conditions, and he was competent to stand trial.

On June 30, 2014, the court found defendant was competent and reinstated criminal proceedings. Defendant entered into a negotiated disposition and pleaded no contest to counts I and II, and admitted the great bodily injury enhancement, for a stipulated maximum term of 20 years. The court granted the prosecution's motion to dismiss counts III and IV.

On July 30, 2014, the court sentenced defendant to the upper term of 16 years for count I, with concurrent terms of three years for count II and three years for the great bodily injury enhancement.

On July 31, 2014, defendant filed a timely notice of appeal. He did not request or obtain a certificate of probable cause.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on November 7, 2014, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.